**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000404
05-JUN-2019
07:57 AM**

NO. CAAP-18-0000404

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
RYAN H. HIRONAKA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DCC-16-0016986)

SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Leonard and Hiraoka, JJ.)

Defendant-Appellant Ryan H. Hironaka (**Hironaka**) appeals
from the Notice of Entry of Judgment and/or Order, entered on
June 14, 2017, and the Notice of Entry of Judgment and/or Order,
entered on May 3, 2018, (collectively, the **Judgment**) by the
District Court of the First Circuit, Honolulu Division (**District
Court**).  He contends:  "There was no substantial evidence to
support Hironaka's conviction where he had no prior notice that
[his dog] had any aggressive tendencies."  As explained below, we
reverse the Judgment but not for the reason argued by Hironaka.

**I.**

On December 13, 2016, Hironaka's dog (**Pele**) bit Douglas
Kim (**Kim**).  Hironaka was cited for negligent failure to control a
dangerous dog in violation of Revised Ordinances of Honolulu
(**ROH**) § 7-7.2 (Supp. No. 12, 2-08).  He was tried by the District
Court on June 14, 2017.[1]

---

[1]     The Honorable James S. Kawashima presided.

At trial, Kim testified that he lives at the end of a cul-de-sac, about four or five houses away from Hironaka. He had lived there for six years, walked past Hironaka's house daily, and admitted that Pele had "never physically attacked [him] . . . or any of [his] other animals" before December 13, 2016. On that date, he was walking two dogs on the sidewalk across the street from Hironaka's house. He heard Hironaka's door open. He saw Pele run out of the door and across the street toward him and his dogs. Pele bit one of Kim's dogs, then bit the other dog. As Kim was trying to pick up the first dog that was bitten, Pele climbed on him, bit his hand, and dragged him to the ground. Pele's claws scratched Kim's upper arm. Kim's hand "hurt a lot." Kim testified: "There was a huge open wound. It was bleeding. You could see almost inside of my hand." Hironaka "grabbed the dog by the collar and tried to drag it back into his house." Hironaka was holding a Hydro Flask in one hand and his son's Lego science project in the other, and let go of them to grab Pele's collar.

The State also called Honolulu Police Department officer Dana Souza. Officer Souza was dispatched in response to a 911 call. Hironaka told Officer Souza that he owned Pele, and that Pele bit Kim. Hironaka also told Officer Souza that he was holding a Hydro Flask and his son's school project when Pele bit Kim. The District Court admitted into evidence a photograph of Pele taken by Officer Souza. The photograph shows Pele in Hironaka's yard apparently being held by someone with a chain and leash.

The State rested. Hironaka moved for a judgment of acquittal. The District Court denied the motion. Hironaka did not testify and called no witness to testify in his defense. After hearing closing arguments, the District Court found Hironaka guilty:

> Mr. Hironaka . . . I am going to find you guilty in this case. The case all comes around whether you were negligent or not, and I do find that there's sufficient basis to find beyond a reasonable doubt that if the dog was capable of being on a chain or a leash, then it was your

responsibility as its owner to keep it under control, especially if both of your hands were occupied at the moment, which it sounds like they were. So the dog got out. It was your fault, basically. Not to a level that's criminal in any other circumstance. But this is a one situation -- well, not one, but one of very few situations where negligence is enough to prove a mens rea necessary for a conviction. And every other element, really, isn't subject to any reasonable debate. It's just whether or not you could have controlled it and didn't, and that's what I'm finding. And I find it satisfies a negligence mens rea in this case. So I'm finding . . . you guilty.

[DEFENSE COUNSEL]: -- Your Honor, just to clarify for the record, the Court is concluding that the standard is that he should have controlled it, but didn't?

THE COURT: Negligence. Failure to rise to a standard a reasonable person would do under normal circumstances as they were at that time. Failure to control. That's the standard that applies here.

[DEFENSE COUNSEL]: . . . So the Court is essentially finding that him having the dog on a leash and the dog running from --

THE COURT: Well, I don't know whether it was on a leash or not at the time. The photograph proves it could have been on a leash and was, therefore, controllable. And to me, you know, having the dog not be controlled at a time when both of his hands were occupied, that does satisfy the negligence standard. It's a gross deviation. Because the dog could have been controlled but wasn't.

So -- I mean, your point's well taken. I -- I don't make -- reach this decision lightly. I don't think it was extremely contumacious. But it fits the statute -- or the ordinance. And on that basis, I make my findings.

(Emphasis added.) This appeal followed.

## II.

Hironaka argues: "in order to establish that the owner acted negligently in regard to a dog-bite case, the owner must have prior notice of the dog's aggressive tendencies." We need not reach the issue of whether the State must prove, in every prosecution under ROH § 7-7.2, that the defendant knew or should have known that the defendant's dog had "violent"[2] tendencies. We hold that under the circumstances of this case, the State

---

[2] See State v. Bereday, 120 Hawai'i 486, 497, 210 P.3d 9, 20 (App. 2009) (noting that defendant "was aware of [her dog]'s violent tendencies but nevertheless allowed [the dog] to roam on the [public] beach without a leash").

failed to prove that Hironaka negligently failed to take reasonable measures to prevent Pele from attacking without provocation, and the District Court erred in so finding.

ROH § 7-7.2 provides, in relevant part:

(a)     A dog owner commits the offense of negligent failure to control a dangerous dog, if the owner <u>negligently fails to take reasonable measures to prevent the dog from attacking</u>, without provocation, a person . . . and such attack results in . . . bodily injury to a person other than the owner[.]

(Emphasis added.)  There was no evidence that Pele was provoked. The issue presented by this appeal is whether there was substantial evidence to support the District Court's finding that Hironaka "negligently fail[ed] to take reasonable measures to prevent [Pele] from attacking" Kim.

ROH § 7-7.1 (Supp. No. 12, 2-08) contains the following definition applicable to ROH § 7-7.2:

"Negligently" shall have the same meaning as is ascribed to the term in HRS Section 702-206.

Hawaii Revised Statutes (**HRS**) § 702-206 (2014) provides, in relevant part:

(4)     "Negligently."

(a)     A person acts negligently with respect to [their] conduct when [they] <u>should be aware</u> of a substantial and unjustifiable risk taken <u>that the person's conduct</u> is of the specified nature.

. . . .

(d)     A risk is substantial and unjustifiable within the meaning of this subsection if the person's failure to perceive it, considering the nature and purpose of [their] conduct and <u>the circumstances known to [them]</u>, involves a gross deviation from the standard of care that a law-abiding person would observe in the same situation.

(Emphasis added.)

Viewing the evidence in the strongest light for the prosecution, <u>State v. Mitchell</u>, 94 Hawai'i 388, 393, 15 P.3d 314, 319 (App. 2000), and leaving "[m]atters related to the credibility of witnesses and the weight to be given to the evidence . . . to the factfinder[,] <u>id.</u>, Pele was confined in

Hironaka's house.  Hironaka opened the door.  Pele went out the door, ran across the street, and bit Kim.  There was no evidence about where in the house Pele was, or what Pele was doing, when Hironaka opened the door.  There was no evidence that Hironaka intended to take Pele outside with him.  There was no evidence that Pele had previously run out of the house unrestrained.  There is no evidence that Hironaka was, or should have been, aware of violent tendencies or other circumstances that would have caused a law-abiding person to take additional steps to restrain their dog.

We hold that the State failed to prove beyond a reasonable doubt that Hironaka negligently failed to take reasonable measures to prevent Pele from attacking Kim.  Accordingly, the Notice of Entry of Judgment and/or Order, entered on June 14, 2017, and the Notice of Entry of Judgment and/or Order, entered on May 3, 2018, are reversed.

DATED: Honolulu, Hawai'i, June 5, 2019.

On the briefs:

Jon N. Ikenaga,
Deputy Public Defender,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge